UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILDRED MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CENTER FOR DIAGNOSTIC IMAGING,<br>et al.,<br><br>　　　　　Defendants. | Case No. C05-1495-RSL-JPD<br><br>REPORT AND RECOMMENDATION<br>GRANTING PLAINTIFF'S MOTION TO<br>EXCLUDE MILDRED MILLER'S<br>MEDICAL NEGLIGENCE<br>SETTLEMENT FROM ANY<br>POTENTIAL MEDICARE REPAYMENT<br>OR LIEN |

　　　　The present matter comes before the Court on plaintiff's "Motion to Exclude Mildred Miller's Medical Negligence Settlement from Any Potential Medicare Repayment or Lien," filed on January 18, 2007. Dkt. No. 39.  Plaintiff's motion seeks an order determining that the parties proposed settlement of $175,000.00 to plaintiff is not subject to a Medicare repayment or lien. On October 12, 2006, the undersigned Magistrate Judge served as a settlement conference judge in this matter and heard from the parties about their respective positions. The parties were able to reach a settlement, but part of the settlement related to the issue of compromising any potential Medicare liens, which necessitated the plaintiff's motion.　　On February 6, 2007, this motion was referred to undersigned Magistrate Judge by the Honorable

REPORT AND RECOMMENDATION GRANTING
PLAINTIFF'S MOTION TO EXCLUDE MILDRED MILLER'S
MEDICAL NEGLIGENCE SETTLEMENT FROM ANY
POTENTIAL MEDICARE REPAYMENT OR LIEN
PAGE - 1

Robert S. Lasnik, Chief Judge. Dkt. No. 40. After careful consideration of the motion, supporting materials, governing law and the balance of the record, I recommend the following:

1. This case arises out of a 19-month delay in diagnosis of plaintiff's colon cancer. The parties settled the dispute for a total payment to the plaintiff for $175,000. No party believes that there is an appropriate Medicare lien on any of the settlement proceeds. Nevertheless, plaintiff's counsel forwarded settlement information to Meridian Administrative Services, which for many years had the legal responsibility to resolve potential Medicare liens. Plaintiff's counsel was informed that this is presently handled by CNI-MFPRC. After sending the material to CNI, counsel was informed that no file existed, nor would one be opened without an initial determination by Medicare that a potential reimbursement situation existed. Accordingly, the plaintiff filed the instant motion.

2. The evidence presented by the parties during and after the settlement conference in this case demonstrates that regardless of whether plaintiff's colon cancer was diagnosed in 2002 or 2004, plaintiff would have required similar, if not the same, tumor resection surgery she received in May 2004. As a result, any expenses associated with the diagnosis and surgery at Memorial Regional Hospital in Hollywood, Florida, could not be included in any legal claim against the defendants in this case. This evidence also indicates that plaintiff's colon cancer in October 2002 was noninvasive and had not spread to her lymph nodes, making it a Stage II disease for which chemotherapy would not have been appropriate, required or necessary. Chemotherapy is a standard treatment for Stage III colon cancer, which was the state of plaintiff's cancer in 2004. As a result, Medicare's eventual payment for plaintiff's chemotherapy expenses became a claimed element of damage.

3. Because plaintiff's medical expenses for chemotherapy would not have occurred but for the delay in diagnosis, there exists no Medicare overpayment pursuant to 42 U.S.C. § 1395y.

4.   The settlement amount in this case represents compensation for general damages attributable to the 19 month delay in the diagnosis and treatment.

5.   Accordingly, the parties' proposed settlement of $175,000.00 to the plaintiff, Mildred Miller, is not subject to any Medicare repayment or lien, and the plaintiff's motion (Dkt. No. 39) should be GRANTED. A proposed Order is submitted.

6.   The Clerk is directed to send a copy of this Order to counsel for the parties and to the Honorable Robert S. Lasnik, Chief Judge.

DATED this 16th day of February, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION GRANTING
PLAINTIFF'S MOTION TO EXCLUDE MILDRED MILLER'S
MEDICAL NEGLIGENCE SETTLEMENT FROM ANY
POTENTIAL MEDICARE REPAYMENT OR LIEN
PAGE - 3